## WILLIAM H. HOWARD V. J. C. RAY.

The mere preponderance of evidence against a verdict, in a case of conflicting testimony, is not sufficient ground to justify this court in pronouncing the judgment erroneous, when there was evidence in favor of the verdict which warranted the finding.

APPEAL from Harris. Tried below before the Hon. Peter W. Gray.

This suit was brought by James C. Ray against William H. Howard on the 4th day of September, 1858, for the recovery of a certain horse worth $125, and ten dollars in cash, which horse the plaintiff had on the 30th day of August, 1858, exchanged with the defendant for a mule, and as the supposed difference in value between the animals, had paid the sum of ten dollars. The defendant warranted the soundness of the mule. The plaintiff delivered the horse, (both animals being at the same livery stable,) but on the next morning the plaintiff refused to take the mule, alleging that its eyes were unsound, and proposed a cancellation of the trade, which was not acceded to. .

H. F. Matthews, the proprietor of the livery stable, introduced by the plaintiff, testified that the mule had been in his stable a week or ten days before the trade; that he discovered that one of its eyes was cut in the upper lid, and the other had a white or milky appearance, during which time he had occasionally applied wet cloths to the eye that was cut. He thought the mule's eyes were defective, and at the time of the trade thought that the eye which had the milky appearance would go blind. That he had seen the mule since the last term of the court, and discovered no change in the condition of its eyes. Both parties refusing to claim the mule after the trade, about a month thereafter witness sold it at public auction for his bill amounting to about $20, because he was unwilling to risk more on the security of the mule. Fifty odd dollars was the price brought for the mule at the sale.

Horace Taylor, introduced by the plaintiff, testified that he saw the mule two or three weeks before the trade in possession of a

man named Steele, who offered to sell to him; witness declined because its eyes looked watery, and he thought would go blind.

The plaintiff proved a verbal warranty of soundness before the trade was concluded, and read in evidence a written warranty made after the trade, when the plaintiff proposed to cancel the contract, as follows:

"I guarantee the mule traded to J. C. Ray on 30th of this month, will not go blind, and nothing the matter with his eyes, except the right eye lid was injured by a hook, and is sound in all respects to the best of my knowledge, this August 31st, 1858.

"Wm. H. Howard."

The defendant introduced Philip Huebner, who testified that he had known the mule for two months before the trade, during which time the mule had belonged to his father; that he had used it often, and was sound when his father sold it to Howard. That on the day his father sold it, in rubbing against a post, the lid of the right eye was cut by a hook, at which time he considered the mule worth $135. The trade between the plaintiff and the defendant was made about ten days thereafter.

Carl Huebner, the father of the last named witness, testified in substance to the same facts.

H. G. Pannell testified in behalf of the defendant, that a few days after the trade between the parties, he examined the mule, and found his eyes sound in all respects, except as to the cut on the lid; they looked weak, but he considered them sound. He examined them again when the mule was sold by Matthews, and came to the same conclusion. He bid the mule off for Howard for $53. Has since examined the mule's eyes, and considered them good and sound.

R. D. Westcott, a witness for the defendant, testified that he bought the mule of Howard for $80, and had owned him four or five months; that the mule's eyes were, and still are, perfectly sound, except as to the cut on the lid, and that he had never seen a mule with better eyes.

There was testimony introduced by the plaintiff tending to show, that when the mule was shown to him for inspection before the trade was made, (which was between sundown and dark,) that the

best eye of the mule was turned towards Ray by the witness Matthews, "to make," in the language of that witness, "the best showing he could." Matthews also stated, that Ray offered an even trade, which Howard declined; Ray then left, and the witness urged Howard to accept the offer. Howard left to see Ray, and they concluded the trade, by the exchange of the animals, Ray agreeing to pay the defendant $13 50, as the difference, ten dollars of which was paid in cash. The horse was proved to be worth $125.

The court charged the jury as follows: " If from the evidence you believe that the defendant represented to the plaintiff that the mule was sound, except as to a cut from a hook on the eye lid, and that the plaintiff purchased the mule on the faith of such representations, by exchange of a horse and money to boot, and that in fact the mule was not sound, but was diseased in the eyes, otherwise than from a cut with a hook, so that the eye-sight was materially defective, and that either the defendant knew of the defect at the time of sale, or if he did not know of the defect, that the plaintiff immediately after discovering its existence offered to return the mule and rescind the trade, which the defendant refused to do; then you will find for the plaintiff, for his horse (stating the value in your verdict) and also for the boot money, and interest on the value of the horse, and on the boot money, as damages. But if you believe otherwise from the evidence, that the defendant did not represent the mule to be sound to plaintiff before he purchased, or that the mule's eyes were not in fact materially diseased at the sale, so that they were not materially defective in sight as alleged, then you will find for the defendant."

The verdict of the jury was in favor of the plaintiff, for the horse or his value at $125, and for $10, with interest on said sums from the 30th day of August, 1858, and judgment was rendered accordingly.

The defendant filed a motion for a new trial, because the court erred in its charge, and because the verdict was contrary to the law and evidence; which was overruled.

*Rogers & Willie*, for the appellant.

*Palmer & Richardson*, for the appellee.

ROBERTS, J.—The leading question submitted by the court to the jury was whether or not the mule's eyes were permanently defective at the time of the exchange. This was the true issue in the case under the pleadings and proof. We do not think there was any part of the charge calculated to mislead the jury, in the consideration of this question. There could be no dispute about any other question in the case. . Upon the point mainly in dispute the evidence was conflicting. The preponderance is perhaps against the verdict, but not to that extent, which would justify this court in pronouncing the judgment erroneous. There was evidence in favor of the verdict which warranted the jury in finding it. It cannot, therefore, be said to be a verdict without sufficient evidence to sustain it.

Judgment affirmed.